JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| David P. Hutchinson, et. al., | CASE NUMBER: |
| Plaintiff | CV 19-0248-GW (ASx) |
| v. | |
| Camelia Tzic, et. al., | **ORDER REMANDING CASE TO STATE COURT** |
| Defendant(s). | |

The Court <u>sua</u> <u>sponte</u> **REMANDS** this action to the California Superior Court for the County of  Los Angeles            for the reasons set forth below:

Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992); <u>see also</u> <u>In re Ford Motor Co./Citibank</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

The Court lacks subject matter jurisdiction over this case because:

☑ Removing defendant has not pled a basis for federal question jurisdiction.

    ☑ There is no basis for federal question jurisdiction because there are no federal claims at issue in this action. <u>Compare</u> 28 U.S.C. § 1331; <u>with</u> Not. of Removal.

    ☑ Although removing defendant claims there is federal question jurisdiction because of the affirmative defenses at issue, this does not confer federal question jurisdiction over the action. <u>See</u> <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994) ("[A]n affirmative defense based on federal law" does not render "an action brought in state court removable." (citations omitted)).

☐ Removing defendant has not pled a basis for diversity jurisdiction.

    ☐ Removing defendant has not alleged that each plaintiff is diverse from each defendant. <u>Compare</u> 28 U.S.C. § 1332; <u>with</u> Not. of Removal.

    ☑ Removing defendant has not alleged that the amount in controversy exceeds $75,000. <u>Compare</u> 28 U.S.C. § 1332; <u>with</u> Not. of Removal.

    ☑ In fact, the underlying unlawful detainer action is a limited civil action that does not exceed $25,000. <u>See</u> Not. of Removal.

☑ The underlying action is an unlawful detainer proceeding, over which we do not have jurisdiction. <u>See</u> <u>Franchise Tax Bd. v. Constr. Laborers Trust</u>, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).

Accordingly, IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

**IT IS SO ORDERED**


Date:  January 16, 2019                   _George K. W_____

                                             United States District Judge